**KELLEY DRYE & WARREN LLP**
Rebecca B. Durrant (SBN 350444)
rdurrant@kelleydrye.com
888 Prospect Street, Suite 200
La Jolla, CA 92037
Telephone: (212) 808-7551
Facsimile: (213) 547-4901

*Attorneys for Defendant*
*Western Union Financial Services, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

REBEKA RODRIGUEZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

WESTERN UNION FINANCIAL SERVICES, INC., a Colorado Corporation, d/b/a WWW.WESTERNUNION.COM,

Defendant.

Case No. '26CV2143 GPC BLM

**NOTICE OF REMOVAL**

[From the Superior Court of California, County of San Diego, Case No. 26UC012032C]

Action Filed: March 2, 2026
Complaint Served: March 6, 2026
Removal Date: April 6, 2026

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a), 1441, 1446, and 1453, Defendant Western Union Financial Services, Inc. ("Western Union" or "Defendant") hereby removes the above-captioned putative class action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). In support of removal, Western Union states the following:

1. On March 2, 2026, Plaintiff filed a putative class action complaint against Western Union in the Superior Court of California, County of San Diego, captioned *Rebeka Rodriguez v. Western Union Financial Services, Inc.*, Case No. 26CU012032C (the "State Court Action").

2. A copy of the complaint in the State Court Action is attached hereto as **Exhibit A** (the "Complaint" or "Compl.").

3. The Complaint alleges that Western Union's website, www.westernunion.com ("Website") uses "spyware" or "tracking technology" to collect customer information for analytics and advertising purposes, without their consent. (*See* Compl. ¶¶ 7, 8, 10, 11.) Specifically, Plaintiff alleges that Western Union violated the "trap and trace" provision of the California Invasion of Privacy Act (Cal. Pen. Code § 638.51 ("CIPA") and common law intrusion upon seclusion. (*Id.* ¶¶ 37–46.).

4. Plaintiff brings these allegations on behalf of a putative class of California citizens, with the following proposed membership:

> All natural persons physically located in California who visited Defendant's website and had tracking cookies or pixels placed on their devices by Defendant prior to being presented with a non-consent option in Defendant's consent banner.

(*Id.* ¶ 30.)

5. On March 6, 2026, Western Union accepted service of the Summons and Complaint. The parties further agreed to an extension under Rule 3.110. The time for Western Union to respond to the Complaint in the State Court Action has not expired.

6. This Notice of Removal is filed within the time prescribed under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

7. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. 1332(a). This Court has original jurisdiction over this action because: (1) Plaintiff and Defendant are of diverse citizenship; and (3) the amount in controversy exceeds $75,000.

8. This Court also has subject matter jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA"). Under CAFA, codified in relevant part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), this Court has original jurisdiction over this action because: (1) this is a class action where the putative class includes more than 100 members; (2) there is minimal diversity of citizenship; and (3) the amount in controversy exceeds $5,000,000.

9. "No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* (quoting S. Rep. No. 109-14, p. 43 (2005)).

### I. Diversity of Citizenship

10. Western Union may remove this case under 28 U.S.C. § 1332(a).

#### A. Citizenship of the Parties

11. There is diversity of citizenship between Plaintiff and Defendant.

Complete diversity exists when "the plaintiff's citizenship is diverse from that of each named defendant." *Johnson v. FCA US LLC*, No. 3:17-cv-0536, 2017 WL 2705430, at *2 (S.D. Cal. June 23, 2017).

12. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

13. For removal purposes, a corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). The principal place of business is defined as the corporation's headquarters, "provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

14. Plaintiff is a resident and citizen of California. (Compl. ¶ 5.) Defendant is a Delaware corporation that is headquartered in Colorado. (*See id.* ¶ 6.) Since Plaintiff and Defendant are not citizens of the same state, they are diverse.

B. Amount in Controversy

15. The amount in controversy requirement is satisfied if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). To determine the amount in controversy for removal purposes, courts "must consider the aggregate amount of all damages sought in the complaint." *Zeto v. BMW of N. Am., LLC*, No. 3:20-cv-1380, 2020 WL 6708061, at *4 (S.D. Cal. Nov. 16, 2020).

16. Western Union denies the validity and merit of Plaintiff's claim, the legal theories upon which it is based, and that Plaintiff and the putative class are entitled to any alleged claim for monetary or other relief. Solely for the purposes of removal, however, and without conceding that Plaintiff or the putative class are entitled to damages, the aggregated claims alleged on behalf of the putative classes establish that the amount in controversy exceeds the jurisdictional minimum of $75,000.

17. In the Complaint, Plaintiff alleges that the amount in controversy,

"[i]nclusive of all class member claims" is estimated to be "approximately $3,000,000. (Compl. ¶ 36.)

18. Western Union denies that Plaintiff or the putative class are entitled to any monetary, equitable, or other damages whatsoever, including attorneys' fees, but as pleaded, the estimation of $3,000,000 in damages far exceeds the $75,000 amount in controversy minimum.

**II. Removal Under CAFA**

19. Alternatively, Western Union may remove this case under 28 U.S.C. § 1332(d), because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6).

A. This Is a "Class Action" under CAFA

20. This action meets CAFA's definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

21. This action qualifies as a class action because it is brought on behalf of "All natural persons physically located in California who visited Defendant's website and had tracking cookies or pixels placed on their devices by Defendant prior to being presented with a non-consent option in Defendant's consent banner."

B. There is Minimal Diversity of Citizenship

22. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Arias v. Residence Inn by*

*Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

23. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that she a resident of California. (Compl. ¶ 5.) Further, all Class Members would be citizens of California. (*Id.* ¶ 30.)

24. As stated herein, supra p. 4, Defendant is a Delaware corporation that is headquartered in Colorado. (*See id.* ¶ 6.) Therefore, Western Union is a citizen of Delaware and Colorado for purposes of CAFA, and is therefore diverse from Plaintiff and all putative class members.

B. <u>CAFA's Numerosity Requirement is Met.</u>

25. Plaintiff alleges that she "does not know the number of Class Members but believes the number to be at least 50." (Compl. ¶ 31.)

26. Plaintiff alleges that all visitors to Defendant's website have their personal information "secretly tracked" "before the consent 'banner' even appears." Accordingly, accepting Plaintiffs' allegations as true solely for purposes of removal, all California-based visitors to Defendant's website are plausibly members of the putative class as defined by Plaintiff. Based on the scope of the putative class definition, the nature of the alleged conduct, and the volume of traffic to Defendant's Website, and accepting Plaintiff's allegations as true solely for purposes of removal, Western Union plausibly alleges that at least 1,000 persons fall within the proposed class.

27. Accordingly, CAFA's numerosity requirement under 28 U.S.C. § 1332(d)(5)(B) is satisfied.

<u>D. The Amount in Controversy Exceeds $5,000,000.</u>

28. The amount in controversy requirement under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in

controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

29. The bar for establishing the amount in controversy is low—the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 89. When a plaintiff "is seeking recovery from a pot that Defendant has shown could exceed $5 million," the amount in controversy is satisfied for purposes of CAFA jurisdiction. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

30. Western Union denies the validity and merit of Plaintiff's claim, the legal theories upon which it is based, and that Plaintiff and the putative class are entitled to any alleged claim for monetary or other relief. Solely for the purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to any damages, the aggregated claims alleged on behalf of the putative classes establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

31. Plaintiff brings allegations under CIPA, which impose $5,000 in statutory damages per-violation. *See* Cal. Pen. Code § 637.2(a). Plaintiff seeks statutory damages in connection with her CIPA claim. (Compl. ¶ 43.)

32. Thus, while Western Union expressly denies liability under CIPA or any other law, if 1,000 class members visited the Website, statutory damages could amount to $5 million.

33. In addition to Plaintiff's CIPA claim, she brings one cause of action for intrusion upon seclusion on behalf of the putative class. (*Id.* ¶¶ 44–46.) Money damages are available as a remedy for this common law claim, which would increase the overall damages for CAFA purposes.

34. Moreover, Plaintiff seeks an award of all "attorneys' fees and costs as allowed by law." (Compl. at 9.)

35. Plaintiff's Counsel are likely to expend significant time on this matter due to nature of the purported tracking technologies, as well as the fees, briefings, and other expenditures associated with Plaintiff's class allegations. These too should be included in the amount in controversy. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

36. Western Union denies that Plaintiff is entitled to any monetary, equitable, or other damages whatsoever, nor is Plaintiff entitled to attorneys' fees, but the potential for each form of damages alleged would elevate the amount in controversy well above the $5,000,000 CAFA statutory minimum.

## REMOVAL IS PROCEDURALLY PROPER

37. Removal is timely because Western Union filed this notice within thirty days of accepting service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1).

38. Removal to this Court is proper because the United States District Court for the Southern District of California embraces the location where the State Court Action was commenced and is pending—San Diego, California. *See* 28 U.S.C. §§ 89(b), 1441(a).

39. Western Union submits with this notice a copy of all process, pleadings, and orders served upon it in this action as **Exhibit B**. *See* 28 U.S.C. § 1446(a).

40. Western Union will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

41. Western Union will promptly file a copy of this notice of removal with the Clerk of the Superior Court of the State of California in and for the County of San Diego in accordance with 28 U.S.C. § 1446(d).

DATED: April 6, 2026

KELLEY DRYE & WARREN LLP
Rebecca B. Durrant (SBN 350444)

By: */s/ Rebecca B. Durrant*
Rebecca B. Durrant

*Attorneys for Western Union Financial Services, Inc.*